UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KAREN BURDICK, | ) | CIV. 11-5071-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER GRANTING** |
| | ) | **DEFENDANT'S MOTION** |
| DAVID SEAN DUFEK, | ) | **TO VACATE ENTRY** |
| d/b/a LAW OFFICE OF DAVID | ) | **OF DEFAULT AND DENYING** |
| SEAN DUFEK, | ) | **PLAINTIFF'S MOTION** |
| | ) | **FOR DEFAULT JUDGMENT** |
| Defendant. | ) | |

**INTRODUCTION**

Plaintiff Karen Burdick filed this lawsuit, invoking this court's federal question jurisdiction under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and alleging that defendant David Sean Dufek violated the Fair Debt Collection Practices Act (FDCPA").  See Docket No. 1.  Defendant did not answer her complaint within 21 days after service of the summons and complaint as required under Fed. R. Civ. P. 12(a)(1)(A)(I).  Ms. Burdick accordingly obtained the Clerk's Entry of Default on February 22, 2012. See Docket No. 16.  Ms. Burdick now moves the court for entry of default judgment against Mr. Dufek.  See Docket Nos. 11, 18.  Mr. Dufek moves to vacate the Clerk's Entry of Default by Mr. Dufek and opposes the plaintiff's motion for entry of default judgment against him.  See Docket No. 24.  The

district court, the Honorable Jeffrey L. Viken, referred these motions to this magistrate judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A).  See Docket No. 66.

## FACTS

The facts pertinent to the motions pending before this court are as follows.  Ms. Burdick's verified complaint alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ***et seq.***, (hereinafter "FDCPA") against Mr. Dufek.  See Docket No. 1.  Mr. Dufek was personally served with the summons and complaint on September 21, 2011.  See Docket No. 10.  After receiving the summons and complaint, Mr. Dufek contacted counsel for Ms. Burdick in an effort to resolve the matter before answering the complaint.  See Docket No. 29 at ¶ 18.  However, Mr. Dufek and counsel for Ms. Burdick were unable to resolve the matter.  Mr. Dufek then made an offer of judgment (Docket No. 9), which Ms. Burdick rejected.  Thereafter, Mr. Dufek did not file an answer to the complaint.

On February 17, 2012, counsel for Ms. Burdick filed a motion for entry of default and default judgment.  See Docket No. 11.  On February 22, 2012, the Clerk of Court filed an entry of default pursuant to Federal Rule of Civil Procedure 55.  See Docket No. 16.  On February 24, 2012, Ms. Burdick filed a second motion for default judgment pursuant to Rule 55(b)(2).  See Docket No. 18.

On February 28, 2012, Mr. Dufek filed a motion to vacate entry of default, a motion for relief from D.S.D. Civ. LR 7.1, and leave to file a brief and additional affidavits. See Docket Nos. 24-25. The district court granted Mr. Dufek's motion for leave to file a brief and additional affidavits.

Before the court now is Ms. Burdick's motion for default judgment. See Docket No. 18. Mr. Dufek opposes the motion for default judgment and has also filed a motion to vacate the Clerk of Court's entry of default previously entered on February 22, 2012. See Docket No. 24.

## DISCUSSION

The summons in this case properly set forth the obligations of Mr. Dufek following service of the summons and complaint. See Docket No. 4. "Within 21 days after service of this summons on you (not counting the day your receive it) ... you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure ... You must also file your answer or motion with the court." Id.

"When a party has 'failed to plead or otherwise defend' against a pleading listed in Rule 7(a) [a compliant], entry of default under Rule 55(a) must precede grant of default judgement under Rule 55(b)." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). In the event a defendant fails to timely file an answer or other responsive pleading, "the clerk must enter the party's

3

default." Fed. R. Civ. P. 55(a). In this case, the Clerk of Court filed entry of default in favor of Ms. Burdick on February 22, 2012. See Docket No. 16.

Federal Rule of Civil Procedure 55(c) governs setting aside the entry of default. Under Rule 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, "most decisions...hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order." Johnson, 140 F.3d at 783 (citing Connecticut Nat'l Mortg. Co. v. Brandstatter, 897 F.2d 883, 885 (7th Cir. 1990)). "This is a sound distinction. There is a judicial preference for adjudication on the merits, and it is likely that a party who promptly attacks an entry of default, rather than waiting for a grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." Id. (citing Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993)). Mr. Dufek is entitled to the more lenient "good cause" standard when considering his motion to set aside the entry of default.

When examining whether good cause exists, courts weigh three factors: "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Johnson, 140 F.3d at 784. The court will examine each of these factors in turn.

**A.  Conduct of Mr. Dufek**

"In deciding whether to set aside a default judgment for 'excusable neglect,' " the court "ought not to focus narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable. Instead the court should take account of 'all relevant circumstances surrounding the party's omission....' " Union Pac. R.R. Co. v. Progress Rail Serv. Corp., 256 F.3d 781, 781 (8th Cir. 2001) (citing Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).  "The inquiry is essentially an equitable one," and the "court is required to engage in a careful balancing of multiple considerations, including 'the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. (citing Pioneer Inv. Serv. Co., 507 U.S. at 395).

The Eight Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." Johnson, 140 F.3d at 784.  The Eight Circuit has "rarely, if ever, excused the former. But...[has] often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." Id.

5

In this case, Mr. Dufek is a licensed attorney and should therefore be familiar with the legal process of defending a claim. Mr. Dufek's reason for failing to respond to the complaint in accordance with the time limits provided by the Federal Rules of Civil Procedure is premised on his belief that he was only liable for a technical violation of the FDCPA and his determination that Ms. Burdick suffered no actual damages. Thus, Mr. Dufek assumed that his exposure would be limited to the $1,000 civil penalty pursuant to 15 U.S.C. § 1962k(a)(2) and reasonable attorney's fees.

After receiving the complaint, Mr. Dufek asserts that he investigated the claim by listening to recordings of the telephone calls that form the basis of Ms. Burdick's claim. Mr. Dufek determined that while some technical violations of the FDCPA did occur,[1] Ms. Burdick suffered no actual damages as a result of these technical violations. Mr. Dufek then contacted counsel for Ms. Burdick in an attempt to settle the issue prior to answering the complaint. However, no such settlement was reached. Additionally, Mr. Dufek filed a offer of judgment, which was rejected by Ms. Burdick.

Following his unsuccessful attempts to settle the matter, Mr. Dufek chose not to answer the complaint and await entry of default judgment under

---

[1] Mr. Dufek's admits that his employee failed to state: "This communication is an attempt to collect a debt, any information gathered will be used for that purpose" on four different voice mail messages left for Ms. Burdick. Failure to include this specific reference in the voicemail violates 15 U.S.C. § 1692e(11).

the assumption that the default judgment requested would be limited to the $1,000 civil penalty and reasonable attorney's fees. After the entry of default was ordered on February 22, 2012, and realizing that Ms. Burdick was requesting not only the $1,000 civil penalty, but $25,000 in actual damages and $13,642.95 in attorney's fees,[2] Mr. Dufek immediately hired counsel who promptly filed a motion to vacate the entry of default.

Mr. Dufek asserts that he attempted in good faith to resolve the matter prior to the deadline for filing his answer while also minimizing litigation expenses for both parties. However, once settlement negotiations ceased, Mr. Dufek essentially determined that it would cost him less to allow the entry of default against him and pay the civil penalty and attorney's fees rather than incur additional litigation costs. "Without attempting to fix blame, the ... conduct of [Mr. Dufek] was careless, risking precisely the adverse result rendered by the [Clerk of Court]. But it was not contumacious, it did not exhibit an intentional flouting or disregard for the court and its procedures, and it only briefly delayed the litigation." Johnson, 140 F.3d at 784-85. While this court certainly does "not approve of this sort of cavalier approach to litigation, ... [Mr. Dufek is] guilty of only a marginal failure for which relief from default should be granted *if* [Mr. Dufek] has a meritorious defense and [Ms. Burdick] will not suffer prejudice." Id. (emphasis in original).

---

[2] Counsel for Ms. Burdick is now seeking $18,662.46 in attorney's fees.

**B.      Existence Of A Meritorious Defense**

Whether a meritorious defense exists is an important factor in the analysis. "Such a showing underscore[s] the potential injustice of allowing the case to be disposed of by default, ... thus triggering the incessant command of a court's conscience that justice be done in light of all the facts." Johnson, 140 F.3d at 784 (internal citations and quotations marks omitted). Whether a meritorious defense exists is determined by examining "whether the proffered evidence 'would permit a finding for the defaulting party.' " Id. at 785 (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)). "The underlying concern is ... whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default." Stephenson v. El-Batrawi, 524 F.3d 907, 914 (8th Cir. 2008) (quotations omitted). Significantly, "[t]he issue is whether the proffered evidence would permit a finding for the defaulting party, not whether it is undisputed." Johnson, 140 F.3d at 785 (quotation omitted).

Based on the complaint, Ms. Burdick's single cause of action alleges that Mr. Dufek's employees violated the FDCPA by: (1) telling Ms. Burdick she must refinance her home, cash in her retirement accounts, or borrow money from family and friends to satisfy the debt in full immediately, in violation of

8

15 U.S.C. §§ 1692d,[3] 1692e,[4] and 1692f;[5] (2) contacting Ms. Burdick's daughter and disclosing Ms. Burdick's debt to her, in violation of 15 U.S.C. § 1692c;[6] 3) lying to Ms. Burdick's daughter by telling her that Ms. Burdick had provided her daughter's telephone number as Ms. Burdick's residence, in violation of 15 U.S.C. §§ 1695d, 1692e, and 1692f; and (4) improperly contacting Ms. Burdick at her place of employment and disclosing information regarding her financial information to her supervisor, in violation of 15 U.S.C. §§ 1692c(b),[7] 1692d, and 1692f. See Docket No. 1 at ¶¶ 12, 14-16, 20.

---

[3] "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

[4] "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

[5] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

[6] "Without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt - (1) at an unusual time or place or a time or place known or which should be known to be inconvenient to the customer….(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." 15 U.S.C. § 1692c.

[7] "Except as provided in § 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by

Mr. Dufek's brief in support of his motion to vacate entry of default and opposing Ms. Burdick's motion for entry of default judgment articulates Mr. Dufek's potentially meritorious claim to each of these allegations. See Docket No. 28. Again, "[t]he issue is whether the proffered evidence would permit a finding for the defaulting party, not whether it is undisputed." Johnson, 140 F.3d at 785 (quotation omitted).

As set forth in Mr. Dufek's brief, Mr. Dufek asserts that his employees did not tell Ms. Burdick that she would be required to refinance her home, cash in her retirement accounts, or borrow money to satisfy the debt in full immediately. Rather, Mr. Dufek asserts that the recorded telephone calls show that these were made as mere suggestions of possible sources of funds in order to satisfy the debt. Mr. Dufek asserts that merely suggesting possible sources of funds does not violate the FDCPA. Additionally, Mr. Dufek asserts that the recorded conversations indicate that no other false, deceptive, or misleading representations were made to Ms. Burdick in attempting to resolve her debt.

Mr. Dufek also asserts that his employees never disclosed Ms. Burdick's debt to her daughter and that they did not intentionally call Ms. Burdick's daughter's home knowing that it was not a valid contact number for Ms. Burdick. Rather, Mr. Dufek asserts that the number for Ms. Burdick's

---

law, the creditor, the attorney for the creditor, or the attorney of the debt collector."  15 U.S.C. § 1692c(b).

daughter's home was provided to them in a file and was listed as an alternative number for Ms. Burdick.  Mr. Dufek does admit that the message left on Ms. Burdick's daughter's answering machine did indicate that the call was an attempt to resolve an account and that if this was heard by Ms. Dufek's daughter that it would be a violation of 15 U.S.C. § 1692c(b).  However, Mr. Dufek asserts that no identifying name was provided on the answering machine and that he did not know the number was for Ms. Burdick's daughter and not for Ms. Burdick.  Thus, Mr. Dufek  asserts that even if a violation of the FDCPA occurred that he would be entitled to the "bona fide error defense" because the violation was not intentional and occurred despite procedures adopted to avoid such errors.  Finally, Mr. Dufek asserts that once he was made aware that the telephone number for Ms. Burdick's daughter was not associated with Ms. Burdick, no further calls were made to that number.

     Ms. Burdick also alleges that Mr. Dufek's employees lied to her daughter by telling her that Ms. Burdick had provided her daughter's telephone number as a number for Ms. Burdick.  Mr. Dufek asserts that the recorded telephone conversation shows that his employee did not say that Ms. Burdick had provided the number as her own, but rather stated that the number was marked in the file as Ms. Burdick's home number.  Thus, Mr. Dufek asserts that no violation of the FDCPA occurred as a result of the conversation between Mr. Dufek's employee and Ms. Burdick's daughter.

Finally, with regards to Ms. Burdick's allegation that Mr. Dufek called her place of employment and disclosed Ms. Burdick's personal information concerning her financing, Mr. Dufek asserts that Ms. Burdick provided her employer as a contact number and that simply calling her employer was not a violation because Mr. Dufek had no reason to know that the employer prohibited such calls.  Furthermore, Mr. Dufek asserts that his employee only actually spoke with Ms. Burdick's employer on one occasion and that the recorded telephone conversation indicates that Mr. Dufek's employee did not disclose any of Ms. Burdick's personal financial information to Ms. Burdick's employer.  Additionally, Mr. Dufek asserts that his employee only disclosed that they were calling from a law office when asked to leave a message.

Mr. Dufek has provided sufficient "factual support to illustrate the potential viability of [his] asserted defenses."  Stephensen, 524 F.3d at 914.  Again, "[t]he issue is whether the proffered evidence would permit a finding for the defaulting party, not whether [the proffered evidence] is undisputed."  Johnson, 140 F.3d at 785 (quotation omitted).  Disputes between Ms. Burdick and Mr. Dufek concerning the facts of this case are not for this court to decide.  However, if Mr. Dufek's filings are accurate, "the proffered evidence would permit a finding for the defaulting party."  Id.

12

## C.   Prejudice To Ms. Burdick

"Delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff....'Setting aside a default must prejudice plaintiff in a concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.' " Stephenson, 524 F.3d at 915 (quoting Johnson, 140 F.3d at 785).

Ms. Burdick asserts that prejudice exists for a number of reasons. Ms. Burdick asserts that given the circumstances of this case, she believes there is "a measurable risk that critical evidence to prove Plaintiff's claims might be lost or not fully disclosed by Defendant." See Docket No. 32 at 12. Those circumstances include the following:  Mr. Dufek's decision not to answer the complaint and proceed with discovery; Mr. Dufek's decision to offer the transcript of the telephone conversations with Ms. Burdick in lieu of providing the actual recordings; the fact that Mr. Dufek is the sole possessor of the recordings; the fact that the affidavit of Natalie Solomon, which contains the transcriptions of the telephone calls, indicates that the calls were transcribed to the "best of [her] ability;" and the fact that Natalie Solomon's transcription of the calls contradicts the affidavit of Ms. Haskell on a material issue.

Ms. Burdick places significant weight on the fact that Ms. Solomon's affidavit indicates that she transcribed that recorded telephone calls to the

13

"best of [her] ability" and also asserts that her affidavit is "highly suspect." Ms. Burdick looks at the statement - "best of my ability" - as a "disclaimer" rather than an indication that Ms. Solomon acted in good faith in transcribing the recorded calls.  Additionally, the only reason provided by Ms. Burdick as to why Ms. Solomon's affidavit is "highly suspect" is because she disagrees with Ms. Haskell's affidavit as to the facts regarding a telephone conversation. However, as indicated above, whether the proffered evidence is disputed is not the issue.  See Johnson, 140 F.3d at 785.

Mr. Dufek asserts that Ms. Burdick will suffer no prejudice as a result of vacating the entry of default.  Mr. Dufek asserts that the telephone recordings are still in existence.  See Docket No. 28 at 16.  There is no indication in the record, and Ms. Burdick has provided none, to show that evidence will be lost or that Mr. Dufek will destroy critical evidence.  The court will not assume that to be the case.  The court finds that there is no prejudice to Ms. Burdick by vacating the entry of default.

## CONCLUSION

Based on the foregoing discussion, the court finds "good cause exists" and that the three factors set forth in Johnson weigh in favor of granting defendant's motion to vacate the entry of default.  Therefore, this court grants defendant's motion to vacate the entry of default [Docket No. 24] and denies plaintiff's motions [Docket Nos. 11 and 18] for default judgment.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).   Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated May 21, 2012.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE

15